IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                                      CASE NO. 3:15cr5/MCR

SHEILA MOHAMMED

### SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, files this Sentencing Memorandum with the Court in light of the defendant's Motion to Modify Bond Conditions and as a result of information uncovered by the government's agent concerning the defendant's actions. (Doc. 44).

1.  On or about February 18, 2015, an Indictment was returned against the defendant charging seven counts of Filing False Tax Returns. Counts One, Three, Five, and Seven, concerned the defendant filing false individual tax return Form 1040 for tax years 2010 through 2013. (Doc. 3). Counts Two, Four, and Six concerned the defendant filing false tax return Form 1120S for her corporation Industrial Medicine Institute for tax years 2010 through 2012. (Doc. 3).

2.  On or about April 22, 2015, the defendant entered a change of plea, pled guilty to all counts in the Indictment, and sentencing was scheduled for July 20, 2015 at 1:00 pm. (Docs. 27-33).

3.  On July 20, 2015, at approximately 11:41 pm, the undersigned received via email from defense counsel a letter from Hancock Bank. A copy of said letter is attached hereto as Exhibit A. The letter is dated July 20, 2015, and stated,

> Dr. Mohammed has made application with our institution for a loan in the amount of $250,000.00. The application is still in underwriting. Application was made on July 14, 2015 in person at our Pace location. We can send an update when we have a decision from our underwriting team. If you need any further information, . . .

(Exhibit A).

4.  In light of the defendant's special bond condition prohibiting that she "dispose of, transfer, retitle, or encumber any assets without prior leave of court, to include real property, motor vehicles, etc.," and the condition that she not make any significant purchases outside of normal living expenses, the undersigned immediately contacted United States Probation and defense counsel with the government's concerns. (Doc. 11).

5.  Thereafter, upon court being called to order, the Court made inquiry of the government and defense counsel. Defense counsel explained that the defendant was obtaining the loan in order to pay the restitution identified in the plea agreement, $255,158. Defense counsel further explained that the defendant did not have any sinister intent by seeking the loan. (Doc. 30). The government then explained its concern, that is, what was being provided as collateral for the loan, and what representations had the defendant made in order to cause Hancock Bank to loan the money to her. As a result of the government's concerns and the status of the loan, in the underwriting phase, the Court continued the sentencing hearing with agreement of the parties.

6.     Thereafter, the government immediately began attempting to obtain copies of the loan documents from Hancock Bank.  Unfortunately, because of the status of the loan, the government's attempts at obtaining copies took up until this week.  Nonetheless, defense counsel also simultaneously worked to obtain copies for defense counsel and the government.  Upon receiving copies, defense counsel immediately provided a copy of the documents he obtained to the undersigned last week.

7.     Since that time, the government's agent has reviewed the documents and interviewed employees of Hancock Bank.  Attached hereto as Exhibit B is the first page of the defendant's "Personal Financial Statement," she submitted in support of the loan. A review of the document shows that in the personal information section one question asked was, "Are you a defendant in any suits or legal actions?"  (Exhibit B).  The defendant wrote "none."  (Exhibit B).  As a result of this representation by the defendant, and because copies of the defendant's false tax documents (which support the counts in the Indictment) had been supplied to Hancock Bank by the defendant, the agent contacted Hancock Bank.  Thereafter, the government's agent spoke with the Hancock Bank branch employee, Cody Busby, who took the defendant's loan application, processed it, and sent it to underwriting, and the Hancock Bank underwriter, Alisa Stevens.  Attached hereto as Exhibits C and D are copies of the agent's Memorandums of Interview of the Hancock Bank personnel.

8.     According to Mr. Busby, the defendant never disclosed that she was under criminal Indictment, and that such information would have been material to the loan process.  Mr. Busby further explained that had he known about the criminal charge he

would not have made the loan. Mr. Busby explained that he thought the loan was just to pay back taxes, which is not unusual. (Exhibit C). Mr. Busby explained that he had spoken with the defendant's attorney, who had asked for a letter regarding the loan. (Exhibit C). Said letter was previously filed by defense counsel in support of the defendant's Motion to Modify Bond Conditions. (Doc. 44-1). A copy of said letter is attached hereto as Exhibit C-1.

9. According to Ms. Stevens, she too was unaware of the defendant's status as a defendant in a federal criminal case. (Exhibit D). Ms. Stevens further explained that had she known this, she would not have approved the loan because criminal charges can affect a borrower's ability to repay. (Exhibit D).

10. This Sentencing Memorandum is being filed with the Court in light of the defendant's Motion to Modify Bond Conditions, and the information uncovered by the government concerning the defendant's actions.[1] (Doc. 44). Simply put, the defendant's material false statement in her loan application was offensive, unacceptable, and could arguably support a charge of bank fraud. The defendant was indicted for fraudulent conduct that took place over the course of four years and she pled guilty to said fraudulent conduct, which purportedly showed she was taking responsibility for her fraud. However, we now know that within days of her sentencing, she committed another type of fraud - bank fraud. The defendant's conduct shows that she still does not recognize that it is a crime to lie to third parties, be it the Internal Revenue Service or a

---

[1] The government was not consulted by the defendant prior to her submission of the Motion to Modify Bond Conditions, as required by Northern District of Florida Local Rules, Rule 7.1. (Doc. 44). Unfortunately, the undersigned was unable to file a response prior to the motion being granted by the Court. (Doc. 47).

financial institution for personal gain.  The government submits that the Court can and should take this continued fraudulent conduct into consideration when sentencing the defendant.  Further, the government asks that the Court reverse its prior Order, Doc. 47, and deny the defendant's Motion to Modify Bond Conditions where she sought permission to "borrow the restitution amount from Hancock Bank," notably after she had already submitted the loan application.

Therefore, the United States files this Sentencing Memorandum with the Court.

Respectfully submitted,

PAMELA C. MARSH
United States Attorney

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar Number 193968
21 E. Garden Street, Suite 400
Pensacola, Florida  32502-5675
(850) 444-4000

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF filing system, and that Steve Bowden, attorney for the defendant is registered to be notified by electronic mail.

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney